UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edgar Searcy, # 04726-031, <br> *aka* Edgar Joe Searcy, <br><br> Plaintiff, <br><br> vs. <br><br> NFN Skinner, <br><br> Defendant. <br> _____ | ) C/A No. 6:07-3347-GRA-WMC <br> ) <br> ) <br> ) <br> ) **REPORT AND** <br> ) **RECOMMENDATION** <br> ) <br> ) <br> ) <br> ) <br> ) |

The plaintiff, Edgar Searcy ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Estill Federal Correctional Institution, a facility of the Bureau of Prisons ("BOP"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names a fellow inmate as the sole defendant. Plaintiff claims he was injured by the Defendant and seeks monetary damages. Plaintiff attempts to bring his claim as a pendant claim to a prior case he filed in this Court.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

**Discussion**

The complaint must provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" Fed. R. Civ. P. 8(a)(1). The jurisdictional statement in the complaint in this case states:

> 28 USC 1367 creates authority to filea pendant state claim as long as there is a federal claim that has a common nucleus, even though they are not the same thing. [cites omitted] "can be stated against a non party of federal jurisdiction...even when dismissed, state case stands alone." This case is raised in unison with case no 6:06-1664, and as a pendant claim raised towards the common nucleus of federal jurisdiction based on a criminal prosecution of the federal crimes at issue in 6:06-1664.

The jurisdictional statement and the facts alleged in the complaint do not establish any basis for subject matter jurisdiction in this case.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). A federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Id.*; *see also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The complaint contends this Court may exercise "pendant jurisdiction" which allows federal courts to hear and decide state law claims along with federal law claims. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Title 28 U.S.C. § 1367(a) states, in part, that "in any civil action of which the district courts have original jurisdiction, the district

3

courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Supplemental jurisdiction, also called pendant jurisdiction, only includes "other claims" related to "claims in the action" that convey original jurisdiction. Under supplemental jurisdiction, the federal claim acts as a jurisdictional "crutch." David D. Siegel, Commentary on 1990 Revision, appended to 28 U.S.C.A. § 1367 (West 1993). The complaint presents no federal claims to which the state law claim could attach to convey supplemental or pendant jurisdiction. Plaintiff appears to contend the pendant jurisdiction arises from a prior closed case filed in this Court, to which he attempts to append his state law claim.[2] A claim based on pendant jurisdiction attaches to a federal claim brought in the same action, and cannot provide jurisdiction based on a federal claim in a separate complaint. Jurisdiction for this case cannot be established through pendant jurisdiction based on a complaint in a separate case. The complaint does not establish that this Court can exercise supplemental jurisdiction in this case.

State law claims can be decided under diversity jurisdiction if the diversity statute's requirements are satisfied. To establish diversity jurisdiction in a federal district court, 28 U.S.C. § 1332(a) requires an amount in controversy which "exceeds the sum or value of $75,000 exclusive of interest and costs" and the controversy must be" between citizens of different States." 28 U.S.C. § 1332(a)(1). The complaint does not provide facts which would establish diversity jurisdiction in this case.

The complaint also mentions 28 U.S.C. 1331, which is the basis for federal question jurisdiction. Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

---

[2] Plaintiff's prior case, *Searcy v. Skinner*, 6:06-1664-GRA, was dismissed without prejudice and the case was closed on August 8, 2006.

4

States." Plaintiff's personal injury tort claim is a state law claim, thus does not fall within this Court's original jurisdiction under § 1331.

The burden of establishing that a federal court has jurisdiction rests upon the party asserting a case. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). Plaintiff has failed to meet this burden. The complaint fails to establish that this Court has jurisdiction over Plaintiff's claims. The complaint must be dismissed based on lack of jurisdiction.

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint in this case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the notice on the following page.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

November 29, 2007

Greenville, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).