UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Edgar Searcy, # 04726-031, *aka* Edgar Joe Searcy, | ) ) ) | C/A No.: 6:07-cv-3347-GRA-WMC |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** (Written Opinion) |
| NFN Skinner, | ) ) ) | |
| Defendant. | ) ) ) | |

This matter comes before the Court for a final review of Magistrate Judge Catoe's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on November 29, 2007.  For the reasons stated herein, this Court remands the case back to the magistrate for consideration of the new allegations in the plaintiff's amended complaint.

**Procedural Background**

Plaintiff originally filed this suit on October 10, 2007, suing the defendant for assault and battery under state law.  The magistrate recommended dismissing the plaintiff's complaint for a lack of subject matter jurisdiction on November 29, 2007. Subsequently, this Court granted the plaintiff's request for an extension of time to file objections to the magistrate's Report and Recommendation because the plaintiff was transferred from a federal correctional institute in Bennetsville, South Carolina, to a federal correctional institute in Petersburg, Virginia.  This extension gave the plaintiff

until January 8, 2008 to make his objections. Rather than filing objections, the plaintiff filed a motion to transfer venue on December 20, 2007, and an amended complaint on January 2, 2008.

## Standard of Review

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

## **Discussion**

*Motion for Change of Venue*

In light of his transfer to a facility in Petersburg, Virginia, the plaintiff asks this Court to transfer this and two other cases to the Eastern District of Virginia. The plaintiff also states, "Future civil cases may commence in the current district, and a uniform decision is sought. Transfer would settle a need to seek judgement under the multi district litigation committee." *Pl's Mot.* at 1.

"For the convenience of parties and witnesses, in the interest of justice, a district court *may* transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (emphasis added). Section 1404(a) places discretion in the district court to adjudicate motions to transfer venue according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The court must "weigh in the balance the convenience of the witnesses and those public interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" *Id.* at 30.

This Court denies the plaintiff's motion to change venue. First, the plaintiff's inconvenience from litigating this matter from Virginia is minimal. He is in custody. Though his communications with this Court may take an extra day by mail, practically, he will file documents from Virginia in the exact same way he did from South Carolina:

by handing them to the prison's mail clerk.  Second, changing venue to Virginia would force the defendant, a South Carolina resident, to defend himself in a foreign jurisdiction.  Finally, given the plaintiff's extensive litigation history just within this Court, this Court is best suited to deal with the pending suits he filed in the District of South Carolina.  Therefore, this Court DENIES the plaintiff's motion to change venue.

*Motion to Amend the Complaint*

Plaintiff filed an amended complaint on January 2, 2008, before this Court could review the Magistrate's Report and Recommendation.  In his amended complaint, the plaintiff adds several defendants—the United States, the United States Attorney General, the Director of the Bureau of Prisons, and others—and adds several claims—violations of the Eighth Amendment, violations of federal statutes, failure to provide adequate medical treatment, and others.  Without expressing any judgment as to the viability of any of these claims, it appears the plaintiff has alleged sufficient facts to give the federal courts subject matter jurisdiction.

In *St. John v. Moore*, the plaintiff sued various prison officials.  135 F.3d 770, 1998 WL 71516 (4th Cir. Feb. 23, 1998).  The defendants responded by filing a motion to dismiss.  The magistrate issued a Report and Recommendation recommending that the district court grant the defendants' motion. Before the district court could review the Report and Recommendation, the plaintiff filed an amended complaint with new substantive allegations.  Regardless, "In adopting the magistrate

judge's Report and Recommendation, the district court denied the motion to amend, finding that it would be futile because the claims raised in the amended complaint had already been considered and ruled upon by the court." *Id.*

The Fourth Circuit reversed the district court, reasoning that: the plaintiff "had the right once to amend his complaint, without leave of court, prior to the filing of a responsive pleading by the Defendants." *Id.* (citing *Domino Sugar Corp. v. Sugar Workers Local Union 352*, 10 F.3d 1064, 1068 n.1 (4th Cir. 1993)).  It further noted that the amended complaint "asserted new substantive allegations and did not merely restate the allegations in the original complaint." *Id.*  Thus, "Because [the district court] is bound to conduct a *de novo* review of the magistrate judge's report, the district court must consider claims raised before its decision even if those claims were not raised before the magistrate judge." *Id.* (citing *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992)).

In the immediate action the defendant has not filed a responsive pleading and this Court has yet to rule on the magistrate's recommendation; therefore, the plaintiff may, as a matter of right, amend his complaint.  Further, the amendment is not futile; the amended complaint appears, on its face, to remedy the subject matter jurisdiction delinquencies requiring the dismissal of the original complaint.  This Court, therefore, REMANDS this case back to the magistrate for a review of the *pro se* plaintiff's amended complaint.

## **Conclusion**

After reviewing the Report and Recommendation, the plaintiff's motions, and binding case law, this Court DENIES the plaintiff's motion to change venue and REMANDS this case back to the magistrate for a review of the *pro se* plaintiff's amended complaint.

IT IS THEREFORE SO ORDERED THAT the plaintiff's motion to change venue be DENIED.

IT IS FURTHER ORDERED THAT this case be REMANDED back to the magistrate for a review of the *pro se* plaintiff's amended complaint and that, subsequent to such review, the magistrate submit a Report and Recommendation to this Court.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

February 8, 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**