```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA
                         GREENVILLE DIVISION
```

| | |
|---|---|
| Edgar Searcy, #04726-031,,      ) | |
|                                 ) | Civil Action No.: 6:07-3347-GRA |
|              Petitioner,        ) | |
|                                 ) | |
|         v.                      ) | **ORDER** |
|                                 ) | (Written Opinion) |
|                                 ) | |
| NFN Skinner; United States; U.S.) | |
| Attorney General; Director, Bureau of ) | |
| Prisons; Warden, Bennettsville FCI; ) | |
| Warden, Estill FCI; Federal Bureau of ) | |
| Prisons; Unknown Employees of U.S. ) | |
| Department of Health; Carlos    ) | |
| Brownlee,                       ) | |
|                                 ) | |
|              Defendants.        ) | |

This is an action seeking habeas corpus relief under 28 U.S.C. § 2254. The magistrate issued a Report and Recommendation on October 8, 2008 recommended the granting the defendant's motion for summary judgement.

Plaintiff brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## Objections

### I.

Searcy argues that the magistrate has improperly weighed the evidence in violation of *Reeves v. Sanderson Plumbing Prod.*, 530 U.S. 133, 150-51 (2000). First, as a threshold matter, Reeves does not involve with a motion for summary judgement but instead a motion for a judgment notwithstanding the verdict.  Second, the plaintiff failed to offer a response sufficient to rebut the defendant's showing that no material fact existed for trial.  Only disputes over facts that would necessarily affect the outcome of the suit will preclude summary judgement. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257 (1986).  Moreover, more than a scintilla of evidence is required, and conclusory statements, allegations or denial are insufficient standing alone. *Id.* at 252.

The defendant has failed to meet this standard.  He has drawn broad conclusory statements expressing his disagreement, without providing more to substantiate his claims.  Moreover, none of the factual issues discussed by the defendant preclude summary judgement.  Thus, even if the defendant's claims are accepted as true (despite their conclusory nature), the defendant still would not have a valid claim against any of the named  defendants.

II.

Searcy additionally objects that the medical staff was deliberately indifferent to his medical needs.  The defendant argues that the failure of the medical staff to supply him with pain relievers, a wheelchair, and a first-floor cell constitute indifference to the condition that he suffered.  However, this Court disagrees.

"Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). In order to show deliberate indifference, "a public official must have been personally aware of facts indicating a substantial risk of serious harm, and the official must have actually recognized the existence of such a risk." *Webb v. Hamidullah*, 281 Fed.Appx. 159, 165 (4th Cir. 2008) (citing *Farmer v. Brennan,* 511 U.S. 825, 838, 114 S.Ct. 1970 (1994)). Furthermore, the fact that a medical professional "been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir.1990). The record is clear that the plaintiff did receive medical attention, and was examined at least twice by medical professionals  The fact that the defendant disagrees with the treatment rendered is insufficient, standing alone, to invoke an Eighth Amendment challenge. Moreover, the defendant has offered no opinion, other than his own demonstrating that other medical accommodations were necessary. The defendant has failed to establish the degree of indifference necessary to invoke an Eighth Amendment cause of action.

III.

The defendant next objects that prison officials failed to furnish him with a safe environment. Generally, it is established that prison officials have a duty to protect prisoners from other inmates. *Farmer*, 511 U.S. at 833, 114 S.Ct. at 1976. "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834, 114 S.Ct. at 1977. In order to bring such a claim, a plaintiff must demonstrate both that the injury was sufficiently serious and that the prison officials displayed deliberate indifference. *Taylor v. Freeman,* 34 F.3d 266, 271 (4th Cir.1994). "Deliberate indifference" necessarily requires an intentional action (or inaction) by a defendant. The plaintiff has not sufficiently alleged deliberate indifference against any of the defendants because none of the named government actors, were directly involved in this specific incident. At best, the plaintiff is asserting that the these officials poorly managed of the prisons. Such a claim, is not recognizable under the Eighth amendment against the named defendants.

IV.

Finally, the defendant argues that he has a valid claim against Defendant Brownlee because he was properly served, and this Court has jurisdiction over him. However, this argument fails both because the plaintiff does not have subject matter or supplemental jurisdiction over defendant Brownlee.

Federal courts are of limited jurisdiction, and only have the power to hear cases authorized by the United States Constitution or statute. *Willy v. Coastal Corp.*, 503

U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986).  The two most common basis for jurisdiction are federal question jurisdiction, under 28 U.S.C § 1331, and diversity of citizenship jurisdiction, under 28 U.S.C.§ 1332.  Additionally, the parties' lack of diversity prevents this Court from exercising jurisdiction under § 1332.  Under § 1332, a party may bring suit in federal court if the parties are diverse, and the amount in controversy exceeds $75,000.

The claims against Defendant Brownlee fail both of these standards.  First, the defendants claims against Defendant Brownlee are not based on a federal question falling under § 1331.  Second, the defendant has alleged damages of less than $75,000 against Defendant Brownlee, and accordingly, this Court has no jurisdiction under § 1332.  Thus, this Court may not hear this claim unless it has supplemental jurisdiction over the matter.

Generally, supplemental jurisdiction provides that a federal court may hear a state law claim "when a claim authorized by federal law and by Article III of the Constitution is properly in a federal court, and that claim is so related to a state claim not independently subject to federal jurisdiction that the two may be considered 'one constitutional case,'" *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 628 (4th Cir. 1997); *see also* 28 U.S.C. § 1367(a); *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 ( 1966) (noting that a federal and state claim may be considered "one constitutional case" when it is "derive[d] from a common nucleus of operative fact.").   However, a federal court should refuse to exercise

jurisdiction when the district court has dismissed all federal causes of action. 28 U.S.C. § 1367(c)(3). Accordingly, even assuming that the plaintiff's federal and state law claims constitute one case, the defendants's lack of a federal claim precludes him from asserting supplemental jurisdiction.

## CONCLUSION

Wherefore, based upon the foregoing, it is hereby ordered that the federal defendants' motion for summary judgment and defendant Brownlee's motion to dismiss (doc. 29) be granted. Additionally, this court declines to exercise supplemental jurisdiction over the plaintiff's state law claims. Additionally, defendant Skinner is dismissed from this action because the plaintiff has failed to provide a proper address for this defendant for service. Furthermore, the plaintiff's motion for summary judgment (doc. 65) be denied. Finally, all other outstanding motions are dismissed as moot.

IT IS SO ORDERED

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

December 16 , 2008

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**